IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MERIAM GROGAN CARTER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | 2:10-cv-203-WCO |
| ) | |
| BARROW COUNTY BOARD ) | |
| OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. NATURE OF THE CLAIM

PLAINTIFF MERIAM GROGAN CARTER ("PLAINTIFF") asserts on the grounds set forth below: (1) a claim under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorneys fees; and (2) a claim for damages for breach of contract in violation of Georgia law.

### II. JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1367(a) and 29 U.S.C. § 216(b).

2.　This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claims at issue took place within this Court's jurisdictional boundaries.

1

3. DEFENDANT BARROW COUNTY BOARD OF EDUCATION ("DEFENDANT") is subject to the jurisdiction of this Court.

### III. PARTIES

4. PLAINTIFF is a resident of the state of Georgia.

5. Throughout the relevant period of this lawsuit, PLAINTIFF was an employee of DEFENDANT.

6. Throughout the relevant period of this lawsuit, DEFENDANT conducted business within this judicial district, and was an employer within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s) and is not exempt under the Act.

### IV. FACTUAL ALLEGATIONS

7. Throughout the relevant period of this lawsuit, PLAINTIFF was an employee engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

8. Throughout the relevant period of this lawsuit, PLAINTIFF was classified as a non-exempt employee for purposes of the FLSA.

9. Throughout the relevant period of this lawsuit, PLAINTIFF was a non-exempt employee within the meaning of the FLSA.

10. Throughout the relevant period of this lawsuit, PLAINTIFF was paid at an hourly rate.

11. Throughout the relevant period of this lawsuit, PLAINTIFF'S primary job duties included driving a school bus, organizing and filing documents, processing forms, calculating hours worked by other employees, bookkeeping duties, and dispatching bus drivers to specific locations.

12. Throughout the relevant period of this lawsuit, PLAINTIFF'S primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

13. Throughout the relevant period of this lawsuit PLAINTIFF'S primary duties did not involve professional, administrative or managerial duties.

14. Throughout the relevant period of this lawsuit, PLAINTIFF worked in excess of 40 hours per work week. PLAINTIFF frequently worked after normal working hours and worked on weekends.

15. Prior to approximately November 2007, PLAINTIFF was paid overtime compensation by DEFENDANT for hours worked in excess of 40 hours in a work week.

16. After approximately November 2007, DEFENDANT no longer paid PLAINTIFF proper overtime compensation even though PLAINTIFF'S supervisor was aware that PLAINTIFF continued to work more than 40 hours per work week.

17. Throughout the relevant period of this lawsuit, DEFENDANT did not pay proper overtime compensation to PLAINTIFF for work performed in excess of

40 hours per work week at the rate of one and one-half times her regular rate of pay.

19. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

19. Throughout the relevant period of this lawsuit, DEFENDANT knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF the overtime compensation to which she was entitled.

20. Throughout the relevant period of this lawsuit, PLAINTIFF worked the requisite number of days per year to qualify as a fulltime employee of DEFENDANT.

21. Throughout the relevant period of this lawsuit, DEFENDANT'S stated policy was to pay fulltime employees various benefits including, but not limited to, vacation.

22. Throughout the relevant period of this lawsuit, DEFENDANT did not pay PLAINTIFF those benefits to which fulltime employees were entitled including, but not limited to, vacation.

## VI.  CLAIM

### COUNT I
### (Fair Labor Standards Act - 29 U.S.C. § 201 et seq.)

23.  PLAINTIFF re-alleges paragraphs 1-22 above and incorporates them by reference as if fully set forth herein.

24.  By engaging in the above-described conduct, DEFENDANT violated the FLSA with respect to PLAINTIFF.

25.  By engaging in the above-described conduct, DEFENDANT knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF.

26.  Throughout the relevant period of this lawsuit, there is no evidence that DEFENDANT'S conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

27.  As a direct and proximate result of the above-described conduct, PLAINTIFF has lost wages.

28.  Said violation gives rise to a claim for relief under the FLSA for PLAINTIFF for unpaid overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 215 *et seq.*

## COUNT II
### *(Breach of Contract in Violation of Georgia Law)*

29. PLAINTIFF re-alleges paragraphs 1-6 and 20-22 above and incorporates them by reference as if fully set forth herein.

30. DEFENDANT breached its contract with plaintiff to pay her the benefits to which she was entitled as a fulltime employee.

31. As a result of DEFENDANT'S conduct, PLAINTIFF has suffered damages including, but not limited to, loss of benefits.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1. Issue a declaratory judgment that DEFENDANT has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF;

2. Require DEFENDANT to pay PLAINTIFF damages for lost overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Require DEFENDANT to pay the PLAINTIFF liquidated damages as provided for under the Fair Labor Standards Act;

4.  Issue a declaratory judgment that DEFENDANT breached its contract with PLAINTIFF in violation of Georgia law;

5.  Require DEFENDANT to pay PLAINTIFF damages for breach of contract including, but not limited to, lost benefits, and prejudgment and postjudgment interest;

6.  Require DEFENDANT to pay PLAINTIFF'S attorney fees and expenses; and

7.  Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)

**COUNSEL FOR PLAINTIFF**