# EXHIBIT A

# (Proposed Settlement Agreement)

STATE OF GEORGIA
COUNTY OF BARROW

## SETTLEMENT AGREEMENT AND RELEASE

1.    For and in consideration of the payments called for herein, and the covenants and representations set forth below, MERIAM GROGAN CARTER ("the Undersigned"), does hereby release, remise and forever acquit the BARROW COUNTY SCHOOL DISTRICT, the BARROW COUNTY BOARD OF EDUCATION and each and all of its past and present Board Members, agents, servants, attorneys and employees, both in their official and individual capacities ("Released Parties") of and from any and all rights, demands, damages, claims, suits, actions or causes of action of any kind whatsoever, in tort, in contract, and in equity, known or unknown, existing, pending, accrued or unaccrued as of the date of this Release and including, but not limited to, any rights, demands, damages, claims, suits, actions, or causes of action whatsoever existing as of the date of this Release. Also, without limiting the generality of the foregoing, the Undersigned hereby releases, settles and extinguishes forever all claims of the Undersigned which were asserted or which could have been asserted, whether known or unknown, accrued or unaccrued as of the date of this Release in the civil action styled **MERIAM GROGAN CARTER v. BARROW COUNTY SCHOOL DISTRICT**, United States District Court, Northern District of Georgia, Gainesville Division, Civil Action File No. 2:10-CV-203-WCO.

2.    In consideration of the Release set forth in Paragraph 1 above, the sum of Sixty-Three Thousand Dollars and No Cents ($63,000.00) shall be paid by the School District as follows:

    a. Thirty Thousand Four Hundred Fifty Dollars ($30,450.00) made payable to The Garber Law Firm, P.C. representing the amount the parties have allocated to Plaintiff's attorney's fees and costs;

    b. A gross amount of Sixteen Thousand Two Hundred Seventy-Five Dollars ($16,275.00) payable to the undersigned representing the amount the parties have allocated to her claim for overtime wages under the Fair Labor Standards Act and subject to all required tax withholdings; and

    c. Sixteen Thousand Two Hundred Seventy-Five Dollars ($16,275.00) made payable to the undersigned representing the amount the parties have allocated to her claim for liquidated damages under the Fair Labor Standards Act and not subject to withholding, with payment reflected on an appropriate IRS Form 1099,

in full and complete settlement of any and all claims for back wages, front pay, medical expenses, pain and suffering, emotional distress, liquidated damages, punitive damages, attorney's fees, costs or any and all other items of loss or damages which were or could have

1

been asserted on behalf of the Undersigned in connection with the lawsuit referenced in Paragraph 1 above.

3. At the next meeting of the Board of Education, but effective the date of this agreement, the Undersigned's employment will be terminated, such termination will be reported to the Georgia Department of Labor as an "involuntary termination" and the School District will not contest any application for unemployment benefits to which Plaintiff may be entitled under appropriate law.

4. The Undersigned specifically agrees not to reapply for employment with the Barrow County School District or Barrow County Board of Education in the future. In response to any requests for a reference or question regarding her employment from any third party, the Barrow County School District will provide only the Undersigned's dates of employment, pay, and positions held and will not provide any additional information.

5. As a part of the consideration for the payments of the sums described above, the Undersigned expressly warrants and represents, and does for herself, her heirs, executors, administrators, other legal representatives and assigns, expressly warrants and represents that prior to the execution of this Release, she has not conveyed, transferred, pledged, hypothecated, or in any other manner whatsoever signed or encumbered any of the rights, demands, damages, claims, suits, actions or causes of action released herein.

6. This Release is to compromise a disputed claim and for no other purpose. All parties agree, understand, and acknowledge, that the parties released hereby recognize, admit, or acknowledge no liability whatsoever to the Undersigned and, further, that the parties released hereby specifically deny any such liability. Neither this Release nor any payment hereunder is to be construed as an admission of liability on the part of the parties released hereby.

7. In entering into this Release, the Undersigned represents that she has relied upon the legal advice of her own attorney, who is the attorney of her own choice, and that the terms of the Release have been completely read and explained to her by her attorney and that those terms are fully understood and voluntarily accepted by her.

8. All parties agree to pay any and all additional attorney's fees or costs arising from the above-described claim other than as specifically set forth and described in Paragraph 2 above.

9. The Undersigned understands and agrees that she is fully responsible for any and all of the federal, state and local taxes and social security payments, if any, owed on the sums paid under this Release, other than the employer's share of FICA on the sum described in Paragraph 2(b) above. The parties to this Release acknowledge that no tax advice has been given, received or relied upon by any party to the other regarding any aspect of this Release.

10. This Release contains the entire agreement between the parties and shall be binding and inure to the benefit of the executors, administrators, representatives, successors and assigns of all parties hereto.

2

11.     The parties agree to keep the terms of this Agreement confidential, subject to any disclosure obligations they may have under applicable law.

Executed under hand and seal of the Undersigned this ____ day of June, 2011.

_____
Meriam Grogan Carter

This Release has been read, approved and the signature above witnessed by the undersigned attorney.

_____
Alan H. Garber

3