IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MERIAM GROGAN CARTER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 2:10-CV-0203-WCO |
| BARROW COUNTY SCHOOL : | |
| DISTRICT, : | |
| : | |
| Defendant. : | |

## ORDER

The captioned case is before the court for consideration of the parties' "Joint Motion to Approve the Settlement of Plaintiff's Claim under the Fair Labor Standards Act" [12].

This is a Fair Labor Standards Act (hereinafter "FLSA") action where plaintiff seeks unpaid overtime compensation accrued over a three-year period. The parties have agreed to settle this dispute and have filed this motion seeking approval of the settlement, along with a copy of the proposed settlement agreement. The court ordered the parties to appear on July 19, 2011, for an oral hearing. On that date, a hearing was held and the court heard argument from each side and also received testimony from plaintiff. Additionally, plaintiff's attorney provided a copy of the fee contract used in this case.

When an employee brings a private action for back wages under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Part of this reasonableness review may involve some scrutiny of the amount of fees to be paid to plaintiff's counsel. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). This court has previously discussed the conflict of interest that may arise in a FLSA settlement. *See generally Martin v. Huddle House, Inc.*, No. 2:10-CV-0082-WCO, 2011 WL 611625 (N.D. Ga. Feb. 11, 2011).

In this case the total settlement amount is $63,000.00. Plaintiff receives $32,550.00 of this amount in damages; her attorney will receive $27,535.66 in fees and $2,914.34 in costs, for a total of $30,450.00. As represented by the parties in their filings and at the hearing, the parties agreed to an overall settlement value during mediation. Once this amount was reached, plaintiff's attorney negotiated with his client to determine how much of this overall settlement amount would be paid in

attorney's fees. Ultimately, those negotiations resulted in the settlement agreement before the court.

There is a bona fide dispute over FLSA provisions in this matter. It is clear from the parties' representations that there were a number of disputed issues in this case, including issues related to proof of the overtime plaintiff allegedly worked. Some evidence supported plaintiff's claims, while other evidence supported defendant's position. Both parties believed that a jury issue would eventually arise.

Additionally, the court finds that the settlement is a fair and reasonable settlement of plaintiff's claims. The fee contract between plaintiff and her attorney provided for a 45% contingency fee plus costs and expenses. The fee award in this case conforms with the fee contract, as it amounts to slightly less than 45% of plaintiff's overall recovery. Plaintiff indicated that she freely accepted this settlement offer and felt that the settlement was fair. Further, plaintiff's attorney avoided the potential conflict of interest that the court has noted in previous FLSA cases and explicitly complied with the court's prior directives. Specifically, plaintiff's attorney negotiated a lump-sum settlement amount and then followed the provisions of his fee contract to determine his fee. Using this procedure, plaintiff's attorney avoided the simultaneous negotiation of a damages award and a fee award that this court has

previously found objectionable. Therefore, the court will approve the proposed settlement agreement and dismiss this case with prejudice.

For the foregoing reasons, the parties' "Joint Motion to Approve the Settlement of Plaintiff's Claim under the Fair Labor Standards Act" [12] is hereby **APPROVED**. This case is hereby **DISMISSED** with prejudice. The clerk is hereby **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 20th day of July, 2011.

*s/William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge